UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IRIS PARKER, | 3:06-CV-0518-ECR (VPC) |
| Plaintiff, | **MINUTES OF THE COURT** |
| vs. | February 18, 2009 |
| UPSHER-SMITH LABORATORIES, INC. | |
| Defendant. | |

PRESENT:  THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  LISA MANN          REPORTER: NONE APPEARING

COUNSEL FOR PETITIONER(S): NONE APPEARING

COUNSEL FOR RESPONDENT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

On February 3, 2009, this court issued an order that defendant's counsel may engage in *ex parte* interviews of the decedent's treating physicians not designated as experts (#75). The parties could not agree on the scope of the such interviews, so the court ordered counsel for the parties to meet and confer to attempt to resolve this dispute. *Id.* In the event no agreement could be reached, the parties were given leave to file additional memoranda on this issue, and they did so (#s 74 and 81).

In the interim, plaintiff filed a request for review of magistrate judge's decision (#78) which is now pending before the District Court. On February 12, 2009, the court considered the parties' memoranda and heard argument of counsel concerning the scope of *ex parte* interviews of treating physicians.

Nev. Rev. Stat. § 49.245 governs the waiver of the physician-patient privilege in the context of a personal injury lawsuit, and subsection (3) of that statute provides as waiver "[a]s to written medical or hospital records relevant to an issue of the condition of the plaintiff in any proceedings in which the condition is an element of a claim or defense." Plaintiff alleges that the decedent developed interstitial lung disease and died as a result of ingesting amiodarone for the treatment of his cardiac condition – atrial fibrillation. Plaintiff requests that *ex parte* interviews be limited only to the decedent's treatment for atrial fibrillation and his subsequent pulmonary difficulties (#74).

Defendant seeks leave to discuss any medical information that bears on the decedent's lung condition, as well as his cardiac condition (#81).

Plaintiff contends that showing one physician's records to another physician transforms that physician into a specially retained expert from whom a Rule 26 report is required. However, it is undisputed that counsel for both parties have shown and discussed with deponent-physicians medical records from other health care providers. The court agrees that a party may not be permitted to affirmatively offer expert testimony from a treating physician as to opinions that he or she formed based on information learned *outside* of the physicians care and treatment, but counsel for neither party should be prohibited from questioning a physician concerning relevant medical information bearing on that treating physician's opinion. This is especially true in light of Nev. Rev. Stat. § 49.245(3), which allows parties to explore information relevant to claims and defenses.

Based on the foregoing, and for good cause appearing,

IT IS ORDERED that in the event the District Court affirms this court's order allowing defendant's counsel to solicit *ex parte* interviews of decedent's physicians (#75), defendant's counsel shall have leave to inquire about the decedent's pre-existing lung disease, potential causes of his lung disease, the decedent's heart condition, and matters that bear on these conditions.

IT IS FURTHER ORDERED that in the event the *ex parte* physician interviews proceed, defendant's counsel is cautioned not to stray beyond the intended parameters outlined in this order.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
     Deputy Clerk